# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALONZO MACKLIN,
   Plaintiff,

v.                  Case No. 04-C-0536

DR. KELLY and
MICHAEL GIESE,
   Defendants.

## MEMORANDUM AND ORDER

  On November 23, 2004, I informed plaintiff that I would not take action with respect to his November 10, 2004 letter until he mailed copies to counsel for defendants and indicated that he had done so. Instead, on November 30, 2004, plaintiff asked the court to make copies of his letter. Since my November 23, 2004 order, plaintiff has filed at least fifteen more documents with the court, including a response to defendants' motion for summary judgment. While plaintiff has not indicated that he served copies of these documents on defendants, counsel for defendants have informed the court that they have not received many of plaintiff's filings. Rather, it is only through use of the Electronic Case Filing (ECF) system that defendants discovered these documents.

  Pursuant to Fed.R.Civ.P. 5(a), the plaintiff is required to serve on each party a copy of "every pleading subsequent to the original complaint." While the United States Supreme Court has insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97, 106 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, Houston v. Lack, 487 U.S. 266 (1988),

the Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). Furthermore, it is not standard practice to provide copies and postage free of charge to parties in an action, whether they are indigent inmates or not. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten copies or typed copies of any documents.

Upon due consideration, the court will provide defendants with copies of all documents plaintiff filed with the court between November 30, 2004 and September 13, 2005. To the extent defendants ask the court to disregard plaintiff's filings, their request is denied. Defendants are permitted fifteen days from the date of this order to file a reply to plaintiff's response to their summary judgment motion.

Plaintiff is hereby warned that from this point on, any documents he files with the court must also be mailed to counsel for defendants, and plaintiff must indicate to the court that he has done so. Any documents the plaintiff files after the issuance of this order that are not accompanied by such proof of service will be returned to plaintiff unfiled.

**IT IS SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 20 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge